NOT DESIGNATED FOR PUBLICATION

No. 129,303

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEJANDRO AMADOR AGUSTIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; COURTNEY MIKESIC, judge. Submitted without oral argument. Opinion filed July 17, 2026. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*David Greenwald*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., COBLE and PICKERING, JJ.

CLINE, J.: In this sentencing appeal, Alejandro Amador Agustin claims the sentence he negotiated in his plea agreement—which the district court followed—was illegal. On review, we find no error. Because, after being legally charged, Agustin knowingly and voluntarily pled guilty to nonexistent offenses as part of a beneficial plea agreement, he has thus forfeited his right to attack the underlying infirmity in the charges to which he pled. See *Spencer v. State*, 24 Kan. App. 2d 125, 129, 942 P.2d 646 (1997).

1

FACTUAL AND PROCEDURAL BACKGROUND

Given the issues on appeal, the underlying facts are largely irrelevant. In sum, Agustin was charged with three off-grid felonies: rape, aggravated criminal sodomy, and aggravated indecent liberties. Each count identified Agustin as being over the age of 18 at the time of the offense and the victim as being under the age of 14. He entered a plea agreement in which he agreed to plead guilty to amended charges—two counts of attempted aggravated indecent liberties with a child, a severity level 1 person felony, in violation of K.S.A. 21-5506(b)(3)(A)—in exchange for the State's recommendation of a departure sentence of 120 months on each count to be run consecutively.

The district court held a plea hearing to confirm that Agustin's plea was freely, knowingly, and voluntarily made. The State recounted that, per the agreement, the State amended the charges to "two counts of attempted aggravated indecent liberties with a child, both level 1 person felony counts." It added that both parties had agreed to ask that Agustin be sentenced to a downward departure sentence of 120 months per count, with the counts running consecutive, for a controlling sentence of 240 months. Agustin confirmed this was his understanding of the plea agreement and pled guilty to both counts. The district court found Agustin guilty of the amended charges.

Agustin then moved for a durational departure in accordance with the plea agreement. He noted that the presumptive sentencing range for the amended charges— again, reciting them as "two counts of attempted aggravated indecent liberties with a child, severity level 1 person felonies"—was 147, 155, or 165 months for each charge. And he recited the parties' agreement on a sentencing recommendation. The district court followed the plea agreement and sentenced Agustin to a 240-month prison sentence.

REVIEW OF AGUSTIN'S APPELLATE CHALLENGES

On appeal, Agustin argues that the sentence imposed by the district court exceeds the available sentence for his crimes. He contends these crimes should have been charged as severity level 5 offenses instead of severity level 1 offenses. If they were charged as severity level 5 offenses, then the maximum sentence for each crime would have been 34 months.

The State counters that Agustin knowingly and purposefully pled guilty to nonexistent crimes in exchange for the benefit of receiving a determinate sentence rather than the life sentence he would have faced if convicted of the off-grid charges. It also claims that he knew, as part of this agreement, the State would recommend a departure sentence of 120 months for each charge. It points out that the law permits a defendant to plead to nonexistent crimes under circumstances such as these, in order to reach a plea bargain's negotiated outcome. See *Spencer*, 24 Kan. App. 2d at 129.

*Jurisdiction*

While we normally lack jurisdiction to review sentences bargained for in plea agreements, we have the authority to correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 21-6820(c)(2); K.S.A. 22-3504(a). And as our Supreme Court has held, an appellate court has jurisdiction to correct an illegal sentence even if it was agreed to in a plea agreement. See *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015).

*Standard of Review*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

3

An illegal sentence is a sentence: (1) that is imposed by a court without jurisdiction; (2) that does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) that is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

*Agustin's negotiated sentence was legal.*

Agustin argues his sentence was illegal because it does not conform to the applicable statutory provisions and because the district court had no jurisdiction to impose it. Both claims rely on his argument that he should have been charged with severity level 5 offenses in the amended information and plea agreement.

The charges brought in the amended information and plea agreement were two counts of attempted aggravated indecent liberties with a child, under K.S.A. 21-5506(b)(3)(A). K.S.A. 21-5506(c)(2)(C) notes that aggravated indecent liberties with a child as defined in subsection (b)(3) is a severity level 3 person felony, except as provided in subsection (c)(3), which states that "[a]ggravated indecent liberties with a child as defined in subsection (b)(3) or attempt, conspiracy or criminal solicitation to commit aggravated indecent liberties with a child as defined in subsection (b)(3) is an off-grid person felony, when the offender is 18 years of age or older." K.S.A. 21-5506(c)(3).

Thus, Agustin alleges the amended counts should have been charged as severity level 5 offenses since they were "attempt" versions of the crime of aggravated indecent liberties with a child and the State did not allege he was over 18 in the amended complaint. That is, he says according to K.S.A. 21-5301(a), "attempt" versions of that crime where a defendant was not over 18 would be ranked two severity levels lower— meaning a severity level 5 offense. Since the State labeled the amended charges as

severity level 1 offenses and he was sentenced for severity level 1 offenses, he claims his sentence was illegal.

But, as the State points out, Agustin pled guilty to a nonexistent crime to obtain his negotiated departure sentence. That is, the parties purposefully structured Agustin's plea agreement so he was facing a grid sentence with a recommended departure to 20 years instead of a sentence of 25 years to life.

The law tolerates several such legal fictions in the context of pleas. See, e.g., *North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (allowing a defendant to avoid the probability of a more severe sentence by pleading guilty to a crime for which the defendant claims to be innocent).

> "The criminal justice system depends on plea bargaining as a means of disposing of the vast majority of cases. Without those agreements and the resulting dispositions, the system would collapse from the sheer volume of trials and the time and resources they would consume. Plea bargains typically call for a defendant to plead guilty or no contest in exchange for the State agreeing to a reduction of the charged crimes to less serious crimes, the dismissal of some charged crimes, a recommendation to the district court for less than the maximum sentence, or some combination of those benefits.
>
> "Successful plea bargains often depend upon one or more legal fictions to arrive at deals mutually acceptable to the prosecution and the defense and tolerable to district courts. Legal fictions are strange creatures. They populate the law with conventions or understandings that aren't really true but are accepted because they smooth out processes that would otherwise be at least cumbersome and perhaps unworkable. A legal fiction has been defined as '[a]n assumption that something is true even though it may be untrue . . . to alter how a legal rule operates.'
>
> "Plea bargaining regularly relies on three legal fictions. In the first fiction, the prosecutor and the defendant agree to a plea to an amended statutory crime that doesn't particularly fit the facts of what the State contends actually happened but carries a lesser punishment than the original charge. The second fiction comes into play when the defendant pleads guilty to a lesser offense that amounts to a legal impossibility—

typically an attempt to commit certain statutory crimes. . . . Attempts typically are punished less severely than the completed crimes, so the defendant realizes a benefit. In the third fiction, a defendant pleads guilty to a statutory crime to accept an advantageous plea bargain while maintaining his or her innocence in what is commonly known as an *Alford* plea. [Citations omitted.]" *State v. Pollman*, 56 Kan. App. 2d 1015, 1042-43, 441 P.3d 511 (2019) (Atcheson, J., dissenting).

Here, the State did not include in the amended information that Agustin was over 18 years old at the time of the offense because it would have reinvoked the off-grid sentence required by Jessica's Law. Instead, it formulated a legal fiction (or nonexistent crime) where it could charge Agustin with attempted aggravated indecent liberties with a child as a severity level 1 offense—despite this not being a statutorily supported severity level for any formulation of such crime. See K.S.A. 21-5506(b)(3), (c)(2)(C), (c)(3); K.S.A. 21-5301(c)(1) (a defendant under 18 years old at the time of the offense would be a severity level 5 person felony, whereas a defendant over 18 years old at the time of the offense would be an off-grid person felony).

In *Spencer*, our court used a three-factor test to determine when a defendant may plead guilty to a nonexistent crime as part of a plea agreement. See 24 Kan. App. 2d at 129. Under these factors, courts examine whether the defendant: "(1) was initially brought into court on a valid pleading; (2) received a beneficial plea agreement; and (3) voluntarily and knowingly entered into the plea agreement." *McPherson v. State*, 38 Kan. App. 2d 276, 281, 284, 163 P.3d 1257 (2007) (applying the *Spencer* factors in a case involving attempted unintentional second-degree murder). When satisfied, a defendant is permitted to plead to a nonexistent crime as part of a plea agreement, and after doing so, the defendant "'forfeits the right to attack any underlying infirmity in the charge to which he or she pled.'" *Pollman*, 56 Kan. App. 2d at 1022.

Agustin does not address any of these factors in his brief, nor does he challenge the validity of the original complaint or the knowing and voluntary nature of his plea.

6

Therefore, it is undisputed (and the record supports) that Agustin was initially brought into court with a valid complaint and pleading and that he knowingly and voluntarily entered his plea.

Agustin also does not challenge that his plea agreement was beneficial to him. And this benefit is clear from the record. The original complaint charged Agustin with three off-grid person felonies, and the plea agreement he accepted offered him a determinant sentence significantly shorter than the potential sentence of 25 years to life. In fact, at sentencing, Agustin's attorney emphasized that

> "Agustin waived his preliminary hearing with the understanding that he had an offer that included getting into the grid so that he wasn't facing 25 years to life so that he was, in essence, facing a grid sentence. And that there would be a departure requested on the grid sentence to get the number to 20 years which would be 120 months times two for two counts."

Thus, Agustin forfeited the right to collaterally attack any underlying infirmity in the charges to which he pled. See *McPherson*, 38 Kan. App. 2d at 285.

The State cites *Easterwood v. State*, 273 Kan. 361, 44 P.3d 1209 (2002), which has a comparable argument. In *Easterwood*, the defendant pled guilty and the parties agreed to request a life sentence with parole eligibility after 20 years. The defendant then filed a motion to overturn his sentence arguing that he was not properly informed of all the details of his plea and that it was not freely, voluntarily, and knowingly made. The Kansas Supreme Court ultimately stated:

> "It is troubling to believe the result in this case should turn on whether Easterwood pled guilty to a nonexistent crime as he now contends. At the time of his plea agreement, his competent counsel clearly told him [the charged crime] might or might not fit the facts of his case. This was the precise issue he chose to waive, to ignore, or

7

whatever one might call his action, in order to obtain what he believed to be a favorable plea agreement." 273 Kan. at 381-82.

The court added that "Easterwood may not invite error to obtain a favorable plea bargain and subsequently benefit from such an invitation." 273 Kan. at 383.

As in *Easterwood*, Agustin invited the nonexistent crime—now alleged error—in exchange for a favorable plea bargain. Thus, he cannot attempt to further benefit from the error he invited.

Agustin also relies on *State v. McCarley*, 287 Kan. 167, 195 P.3d 230 (2008), to support his claim that the court lacked jurisdiction to impose the sentence, rendering it illegal. In *McCarley*, our Supreme Court held:

> "When a sentence is imposed for a crime for which the defendant was not convicted, but in fact is appropriate for another crime, the sentence is illegal because it is imposed without trial court jurisdiction.
> . . . .
> "When a sentence is imposed for a crime for which the defendant was not convicted, but in fact is appropriate for another crime, the sentence is illegal because it does not conform to the statutory provision for the offense of conviction." *McCarley*, 287 Kan. 167, Syl. ¶¶ 4, 6.

Agustin says his sentence was similarly not appropriate for his crimes. But we do not find *McCarley* analogous. First, in *McCarley*, the State claimed the sentence was illegal because the presentence investigation report erroneously classified McCarley's conviction as a severity level 8 person felony when it should have been classified as a severity level 5 person felony and no one caught the error. McCarley was sentenced based on this error. 287 Kan. at 168. When the State discovered the error, it filed a motion to correct an illegal sentence. Here, Agustin was convicted of the crimes stated in

8

the amended information. Also, McCarley was sentenced after a jury convicted him—not after entering a beneficial plea agreement.

Lastly, Agustin attacks the sufficiency of the evidence supporting the convictions since the State did not proffer that Agustin was over 18 at the time of the offenses. He says without proof he was over 18 years old, the attempted crimes must be charged as severity level 5 person felonies, which only carry a maximum sentence of 34 months. But since he voluntarily pled guilty to the crimes, he waived any challenge to the sufficiency of the evidence supporting them. See *Toland v. State*, 200 Kan. 184, 186-87, 434 P.2d 550 (1967).

Affirmed.